The opinion of the court was delivered by
Rogers, J.
This is an action of ejectment, brought to recover two hundred and fifty acres of land, purchased for the use of the plaintiffs at a sheriff’s sale. In the trial of the cause, it became necessary to prove some title in the person, as whose property the land was sold, according to the authority of the case of Kennedy v. Bogart, 7 Serg. Rawle, 98. For this purpose, the plaintiffs offered in evidence, the record of the Court of Common Pleas of Mercer county, showing an entry by the prothonotary, dated the 24th of November, ISIS, that the sheriff had acknowledged a deed to Jacob Fry, for two hundred and fifty acres of land, the property in dispute, without any, offer to show , the deed of the sheriff, its loss, or any attempt to procure the deed: -
An acknowledgment by the sheriff in open court, and a minute of this on the record, with the production of the deed itself, is a sufficient recording of the deed. 1 Serg. & Rawle, 96. The minute on the record is a mere abstract of the deed, and not a copy, and the non-produetion of the original, without some account of its loss, or some pains taken to procure it, is a circumstance of suspicion. It does not necessarily follow, that, because it has been acknowledged, and a minute made of it, that the deed has been delivered to the purchaser. It d.oes sometimes happen, that he will not, or cannot comply with the terms of sale; in which case, it is retained or placed in the hands of a stranger as an escrow, until the money be paid. Whether that was the .case here, does not appear. The deed was'neither produced, nor was its non-production accounted for; and without this, the minute on the record is but secondary evidence, which ought not to be received.
The errrors assigned are so blended, that the decision of the one necessarily disposes of the other. Without showing an interest in the executors of Fry, as whose property the land in dispute, was sold, (which can only be done by showing the deed to Fry,) this suit cannot be sustained.
Judgment affirmed.